IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>                    Plaintiffs,<br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, et al.<br><br>                    Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:15-cv-00229-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Defendants' motion to compel initial disclosures, complete answers to discovery, and production of witnesses;[2] (2) Plaintiffs' motion to compel Defendant Northwest Title Insurance Agency, LLC to produce discovery responses;[3] and (3) Plaintiffs' motion to compel Defendants Smith, Williams, and Carrell to produce discovery responses.[4]

The parties initially filed these motions pursuant to the Short Form Discovery Motion Procedure as ordered by Judge Nuffer.[5]  After reviewing the motions, this court determined that it required additional information and ordered further briefing.[6]  In response to the order for

---

[1] Docket no. 27.

[2] Docket no. 47 & 66.

[3] Docket no. 60.

[4] Docket no. 61.

[5] Docket no. 39.

[6] Docket no. 63.

further briefing, Plaintiffs supplemented their motions,[7] but Defendants filed a new long-form motion regarding the same issues.[8]  To avoid confusion, the court will treat Defendants' short-form and long-form motions as a single motion.

 "Motions to compel discovery under Fed. R. Civ. P. 37(a) *must* be accompanied by a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate." DUCivR37-1(b) (emphasis added).  Failure to comply with procedural requirements, including failing to submit a separate statement pursuant to DUCivR37-1(b), is grounds for denying a motion. *See, e.g.*, *Travis v. Park City Mun. Corp.*, No. 2:05cv00269-DB-DN (D. Utah April 4, 2007) (Nuffer, J.) (unpublished) (denying motion to compel of pro se litigant for failure to file separate statement and noting that the "failure frustrates the orderly process of this case").

In addition to the requirements of the local rules, this court specifically ordered the parties to submit separate statements in support of each of the motions for which the court sought further briefing.  That order states:

> *Each supporting memoranda must be accompanied by a separate statement that provides all information necessary to understand each discovery request and response at issue without reference to additional documents. The separate statement must be complete in and of itself, and may not incorporate other materials or responses by reference.*  For each disputed discovery request for which a further response is requested, the separate statement must include a separate section for each disputed request with the following:
>
> (1) The text of the discovery request (e.g., disclosure requirement, interrogatory, etc.);
>
> (2) The text of each response, answer, or objection, and any further responses or answers; and

---

[7] Docket nos. 68 & 69.

[8] Docket no. 66.

(3) A "succinct statement, separately for each objection, summarizing why the response received was inadequate."[9]

In addition, this court specifically ordered that memoranda in opposition to the motions must include a separate statement responding to the issues raised by the opposing party:

*Each response memoranda must also be accompanied by a separate statement* that follows the format and numbering of the moving party's separate statement provided for above, but additionally providing for each disputed request:

(4) A "succinct statement, separately for each objection, summarizing why" a further response to the discovery request should not be required.[10]

Despite the requirements of the local rules and the court's prior order, the court has been unable to locate a separate statement in support of Defendants' motion.  Plaintiffs filed separate statements in support of their motions,[11] but Defendants also failed to file a separate statement in conjunction with their response memoranda as ordered by the court.

Accordingly, Defendants' motion is **DENIED**, and Plaintiffs' motions are **GRANTED** as discussed more fully below.  The court does not arrive at this decision lightly.  The appropriate remedy for violations of local rules or courts orders must be assessed on a case-by-case basis.  However, here, Defendants violated the local rules, violated a direct court order on point, and had ample time to correct this failure.  Nearly *1200 pages* of memoranda, exhibits, uninvited supplemental briefing, and other papers were filed regarding these three motions alone.

Moreover, the current flotilla of discovery motions is not the first in this case.  To the contrary, the court previously ruled on at least six discovery motions, including a motion to

---

[9] Docket no. 64 (emphasis added).

[10] *Id.* (emphasis added).

[11] Docket nos. 68-1 & 69-1.

quash brought by Defendant.  In that instance, Defendant's counsel also violated DUCivR 37-1 by bringing a discovery motion without meeting and conferring first.[12]

In conjunction with that and several other motions, the court admonished all counsel in this case about questionable discovery behavior and warned them that they were "on notice" that the court would have "zero tolerance" for misuse or abuse of the discovery process going forward:

> To the extent [discovery] disputes cannot be resolved, the meet and confer process should significantly narrow the issues prior the filing of any motion. Involvement of the court in discovery disputes is a matter of last resort. Finally, the discovery process is not intended to be a means to play hardball or hide the ball, or for lawyers to fill billable hour quotas or to attempt to gain an improper advantage in the litigation.
> . . . .
>
> The conduct and allegations of conduct by the respective sides and their counsel are troubling to the court. Both sides may well be using the discovery process to harass and delay. Both sides complain of overly broad discovery requests by the other side, while propounding similarly overbroad discovery requests. The court admonishes both sets of counsel for what appears to be overreaching and evasion that borders on abuse of the discovery process.
>
> Counsel and the parties are now warned and are on notice that this court has zero tolerance for the game playing that has become all too common in the discovery process. Going forward, improper conduct or a lack of professionalism and courtesy by either side will result in this court employing the tools at its disposal in a manner likely to ensure such conduct does not happen again.[13]

Finally, the failure to comply with the separate statement portion of this rule is not a new issue for Defendant's counsel.  A little over two years ago, this court admonished Defendant's counsel in another matter for failure to include a compliant separate statement.  *See Xyngular v.*

---

[12] *See* docket no. 63 at 5 ("Defendant's counsel admits that she failed to meet and confer before filing this motion.  Counsel's contention that her failure to confer was a mere 'oversight' and was somehow due to 'confusion' arising from counsel's planned vacation or a medical issue is unavailing.  Counsel has practiced for many years and has vast experience in discovery practice. To say the failure to fulfill the meet and confer requirement was an 'oversight' strains credulity.")

[13] Docket no. 63.

*Schenkel*, No. 2:12cv00876-RJS-PMW (D. Utah January 12, 2014) (unpublished) (denying motion brought by Wood Balmforth LLC on behalf of its client for including an incomplete separate statement).

For the foregoing reasons, Defendants' motion to compel initial disclosures, complete answers to discovery, and production of witnesses is **DENIED**.[14]

Plaintiffs' motion to compel Defendant Northwest Title Insurance Agency, LLC to produce discovery responses[15] is **GRANTED** as follows:  Defendant Northwest Title Insurance Agency, LLC is ordered to respond fully to Interrogatory Nos. 4 and 5 and Document Request Nos. 1, 2, 4, 5, 6, 8, 9, 10, and 11 of Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents to Defendant Northwest Title Insurance Agency, LLC. Compliant responses must be served within 10 days of the date of this order.

Plaintiffs' motion to compel Defendants Smith, Williams, and Carrell to produce discovery responses[16] is **GRANTED** as follows:  Defendants Michael Smith and Jeffrey Williams are ordered to respond fully to Interrogatory No. 4 and Document Request Nos. 1, 2, 3, 5, 6, and 7 of Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.  Defendant Kristi Carrell is ordered to respond fully to Document Request Nos. 3 and 6 of Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.  Compliant responses must be served within 10 days of the date of this order.

Having carefully considered the issues and circumstances here, the court will not award attorney's fees and costs to Plaintiffs. However, all parties are cautioned that motions—whether

---

[14] Docket no. 47 & 66.

[15] Docket no. 60.

[16] Docket no. 61.

pending or to be filed—must comply with the court's rules and orders, and that the court will impose sanctions to ensure such compliance, if necessary.

      **IT IS SO ORDERED**.

      DATED this 9th day of May, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge