IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>Plaintiffs,<br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, et al.<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:15-cv-00229-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs' motion for protective order to preclude the deposition of Dennis J. Gilmore.[2] Mr. Gilmore is the CEO of First American Financial Corporation ("FAFC") and a member of its board of directors, and president and CEO of First American Title Insurance Company, a subsidiary of FAFC.

Plaintiff argues that Mr. Gilmore is not subject to being deposed under the "apex doctrine." "However, the Tenth Circuit has not adopted the apex doctrine. To the contrary, in *Thomas v. International Business Machines*, the Tenth Circuit analyzed the propriety of a protective order preventing the deposition of a high-ranking executive under the same Rule 26(c) standards as would be applied to any other person." *Icon Health & Fitness, Inc. v. Johnson Health Tech No. Am., Inc.*, 1:10-cv-00209-DN (Nuffer, J.) (holding magistrate judge did not err by refusing to apply apex doctrine); *see also Certain Underwriters at Lloyd's London v. Garmin*

---

[1] Docket no. 27.

[2] Docket no. 52.

*Int'l, Inc.*, 2012 WL 3879885, at *3 (D. Kan. Sept. 6, 2012) ("This Court finds no Tenth Circuit opinion that adopts the [apex] doctrine"); *In re Otero Cnty. Hosp. Ass'n, Inc.*, 2014 WL 184984, at *5 (Bankr. D.N.M. Jan. 15, 2014).

Instead, the court analyzes the motion under the requirements of rule 26 of the Federal Rules of Civil Procedure.  Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Issuance of a protective order depends on proof of good cause. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). "Good cause" requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 n. 16 (1981) (internal citation omitted).  The moving party bears the burden of proving good cause.  Fed. R. Civ. P. 26(c)(1); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981); *digEcor, Inc. v. e.Digital Corp.*, 2008 WL 4335544, at *2 (D. Utah, Sept. 16, 2008) ("[T]he burden is on the party seeking a protective order to show specific and particular factors why discovery should be limited.").

Here, the court finds that Plaintiffs have not met their burden of showing good cause for issuing the protective order.  Plaintiffs do not show any "annoyance, embarrassment, oppression, or undue burden or expense" different from that borne by any other deponent. *See* Fed. R. Civ. P. 26(c)(1).  Plaintiffs also assert that Mr. Gilmore should not be required to sit for a deposition because has limited knowledge of and involvement with the issues. However, Mr. Gilmore appears to have unique knowledge and/or personal involvement sufficient to permit the deposition under the liberal discovery standards.  Further, a witness ordinarily cannot escape examination by denying knowledge of any relevant facts, because the party seeking to take the deposition is entitled to test the witness's lack of knowledge.

Accordingly, Plaintiffs' motion for protective order is **DENIED**. Within ten (10) days of the date of this order, counsel shall confer and agree to a mutually acceptable date for the deposition. If the parties are unable to mutually agree on a date, the parties shall notify the court, and the court will set a date unilaterally.

**IT IS SO ORDERED**.

DATED this 11th day of May, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge