IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>Plaintiffs,<br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, et al.<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:15-cv-00229-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Judge Nuffer ordered the parties to follow the Short Form Discovery Motion Procedure.[2] Before the court is Defendant Michael Smith's "Short Form Discovery Motion Compelling Complete Answers to Michael Smith's First Set of Interrogatories and Requests for Production of Documents and Things – Non-Compete Agreements."[3]

Mr. Smith and other individual defendants were employed at Equity Title, a small company that was taken over by FATCO. Defendants contend that they did not sign non-compete agreements with FATCO, and that FATCO is improperly attempting to enforce non-compete agreements that individual defendants had with Equity Title. The instant motion seeks

---

[1] Docket no. 27.

[2] Docket no. 39.

[3] Docket no. 104.

an order compelling plaintiffs First American Title Insurance Company and First American Title Company, LLC ("FATCO") to produce the following categories of documents:

1. "[A]ny employment agreement executed by any FATCO Utah employee that contains a non-compete agreement."[4]

2. All communications between Mr. Smith and either of two FATCO employees, Kurt Andrewsen and Mark Webber, from 2004 through March 9, 2015.[5]

3. All documents constituting an assumption or assignment of the employment contracts with Equity Title.[6]

FATCO objects that Category 1 is irrelevant. FATCO objects that Category 2 is overbroad and seeks irrelevant documents. FATCO states that it has already produced all documents responsive to Category 3.

Rule 26(b)(1) states:

The scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The documents in Category 1 appear "relevant to [a] party's claim or defense and proportional to the needs of the case" under the liberal discovery standards. Fed. R. Civ. P. 26(b)(1). In contrast, the document request for Category 2 is clearly overbroad, and the vast

---

[4] Docket no. 104-1 at 20 (Request for Production No. 4).

[5] *Id.* at 24-25 (Requests for Production Nos. 13 & 14).

[6] *Id.* at 20 (Request for Production No. 5).

majority of the responsive documents would be irrelevant. Mr. Smith states that these communications "are relevant to Mr. Smith's contract negotiations and will show that FATCO attempted to convince Mr. Smith to sign a new employment contract—which he refused to do."[7] While the documents that Mr. Smith states he is attempting to seek through this request appear relevant, the request as drafted is sweeping in breadth and would require the production of documents that are clearly not relevant.

With regard to Category 3, FATCO correctly notes that the court cannot compel a party to produce documents that do not exist, and the court will not order a party to produce documents that the party has already produced.

Accordingly, Mr. Smith's motion to compel[8] is **GRANTED IN PART AND DENIED IN PART** as discussed herein.

Within fourteen (14) days of the date of this order, FATCO is ordered to produce all documents responsive to Categories 1 and 3, to the extent that the documents exist. FATCO does not have to produce documents that it has already produced.

The court hereby limits the scope of Category 2 and orders production of documents responsive to that amended category as follows: Within fourteen (14) days of the date of this order, FATCO is ordered to produce all communications between Mr. Smith and either Kurt Andrewsen or Mark Webber, from 2004 through March 9, 2015, **that relate to (1) negotiation of a new employment contract with Mr. Smith, or (2) Mr. Smith's signing a new employment contract.** FATCO does not have to produce documents that it has already produced.

---

[7] Docket no. 104 at 2-3.

[8] *Id.*

3

If necessary, amended responses must be served within fourteen (14) of the date of this order.

Having carefully considered the issues and circumstances here, the court will not award attorney's fees and costs at this time.

**IT IS SO ORDERED**.

DATED this 18th day of May, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge