IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, et al.<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:15-cv-00229-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Judge Nuffer ordered the parties to follow the Short Form Discovery Motion Procedure.[2]  Before the court is Defendant Michael Smith's "Short Form Discovery Motion Compelling Complete Answers to Michael Smith's First Set of Interrogatories and Requests for Production of Documents and Things – Trade Secrets."[3]  The Short Form Discovery Motion Procedure does not contemplate filing of reply briefs without a court request.  Accordingly, the court will not consider Mr. Smith's reply brief.

Mr. Smith propounded discovery requesting that FATCO "identify by date, title, and presenter all continuing education presentations made by FATCO for the years 2014 and 2015 in the State of Utah," and that FATCO produce "copies of all PowerPoint Presentations and handouts for FATCO continuing education presentations in the State of Utah for the years 2014

---

[1] Docket no. 27.

[2] Docket no. 39.

[3] Docket no. 105.

and 2015."[4]  Mr. Smith also requested that FATCO "identify all documents constituting FATCO marketing strategies for the State of Utah," and requested that FATCO produce "copies of all studies in FATCO'S possession, custody, or control concerning client retention."[5]  Mr. Smith asserts that these exceptionally broad discovery requests are relevant to FATCO's allegations that Mr. Smith and other defendants misappropriated some of FATCO trade secrets when they left FATCO to set up a competing company.[6]

FATCO responded to these requests by providing some information and documentation, but objected that the discovery requests were overly broad, irrelevant, and/or not proportional. FATCO also offered a Rule 30(b)(6) witness to testify regarding FATCO's protection of trade secrets, but defendants apparently declined.

The instant motion seeks an order compelling FATCO to provide further responses and produce responsive documents.

Here, the information sought appears to be of marginal relevance and overly broad.  Fed. R. Civ. P. 26(b)(1).  The discovery does not appear tailored to the issues or proportionate to the needs of the case, particularly in light of FATCO's offer of a Rule 30(b)(6) deposition.  *See id.* Such a deposition provides a significantly more efficient, proportional discovery mechanism for inquiring into these topics: defendants could obtain the information that they seek, or sufficient information to draft tailored discovery requests.

For the foregoing reasons, Mr. Smith's motion to compel[7] is **DENIED**.  If defendants choose to accept FATCO's deposition proposal, FATCO is directed to make an appropriate Rule

---

[4] Docket no. 105-1 (Interrogatory No. 9 and Request for Production No. 7).

[5] *Id. (*Interrogatory No. 8 and Request for Production No. 12).

[6] *See* docket no. 2 at 29.

[7] Docket no. 105.

30(b)(6) deponent available.   The court commends FATCO's deposition proposal for being consistent with the aims of the new rule 1 of the Federal Rules of Civil Procedure, making litigation more efficient and less expensive.

As the court has now ruled on approximately a dozen discovery motions in this case, with several more motions pending, the court reminds both parties and their counsel that discovery is supposed to be an  efficient, self-executing exchange  of  relevant  information  with  minimal involvement of the court.   The court also expresses its serious concerns with the meet and confer process here.   The meet and confer process is intended for the parties to actually resolve issues, not for parties to talk past each other as they scurry to file more discovery motions.   In light of a pattern of problematic discovery behavior by the parties in this case, the court will subject meet and confer certifications in all pending and future motions to heightened scrutiny.

Rule 37 provides for the imposition of sanctions when a motion to compel is denied. Fed. R. Civ. P. 37(a).   Having carefully considered the issues and circumstances here, the court will not award attorney's fees and costs at this time.

**IT IS SO ORDERED**.

DATED this 19th day of May, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

3