IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWEST TITLE INSURANCE AGENCY, LLC, et al. <br><br> Defendants. | **MEMORANDUM DECISION** <br><br> Case No. 2:15-cv-00229-DN-PMW <br><br> District Judge David Nuffer <br><br> Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Judge Nuffer ordered the parties to follow the Short Form Discovery Motion Procedure.[2]  Before the court is Defendant Michael Smith's "Short Form Discovery Motion Compelling Complete Answers to Michael Smith's First Set of Interrogatories and Requests for Production of Documents and Things – Miscellaneous."[3]  The Short Form Discovery Motion Procedure does not contemplate filing of reply briefs without a court request.  Accordingly, the court will not consider Defendant Smith's reply brief.  The underlying motion raises two unrelated discovery issues.

First, Defendant Smith propounded discovery requesting that FATCO "[p]roduce all non-work related emails and documents on Mark Webber's FATCO email."[4]  Defendant Smith seeks

---

[1] Docket no. 27.

[2] Docket no. 39.

[3] Docket no. 106.

[4] Docket no. 106-1 at 18 (Request for Production No. 1).

an order compelling FATCO to produce any of Mr. Webber's emails specifically relating to his work as a lay ecclesiastical leader. Defendant Smith claims that these documents are relevant to Mr. Webber's credibility and because FATCO alleges that certain defendants used their FATCO-issued electronic equipment and/or email to help set up their competing company in violation of their employment contracts and FATCO's policies.

The court finds Defendant Smith's argument unpersuasive. The emails do not appear "relevant to [a] party's claim or defense." Fed. R. Civ. P. 26(b)(1). Moreover, the court does not find that the requested discovery is "proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Second, Defendant Smith propounded the following discovery requests:

**INTERROGATORY NO. 10:** If you fail to unconditionally admit the following Requests for Admission, identify all facts and legal theories for your failure to admit.[5]

**REQUEST FOR PRODUCTION NO. 8:** Produce copies of all documents relied upon in your answers to any of the foregoing Interrogatories or Requests for Admission.[6]

Defendant Smith mischaracterizes FATCO's responses and misleadingly states that "FATCO has refused to respond to these requests."[7] FATCO did in fact respond. While admittedly limited, the responses from FATCO were sufficient, particularly given such extraordinarily broad discovery requests that are likely excessive and improper.

---

[5] Docket no. 106-1.

[6] *Id.*

[7] Docket no. 106 at 2.

Defendant Smith's motion to compel[8] is **DENIED**.   The court declines to impose

sanctions on Defendant Smith at this time.

   **IT IS SO ORDERED**.

   DATED this 19th day of May, 2016.

                              BY THE COURT:

                              _____
                              PAUL M. WARNER
                              United States Magistrate Judge

---

[8] Docket no. 106.