IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC, <br><br> Plaintiffs, <br> v. <br><br> NORTHWEST TITLE INSURANCE AGENCY, LLC, et al. <br><br> Defendants. | **MEMORANDUM DECISION** <br><br> Case No. 2:15-cv-00229-DN-PMW <br><br> District Judge David Nuffer <br><br> Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Judge Nuffer ordered the parties to follow the Short Form Discovery Motion Procedure.[2]  Before the court is Defendant Michael Smith's "Short Form Discovery Motion Compelling Complete Answers to Michael Smith's First Set of Interrogatories and Requests for Production of Documents and Things – Damages."[3]  The court will not consider Defendant Smith's reply brief.

Defendant Smith propounded the following discovery requests to FATCO:

**REQUEST FOR PRODUCTION NO. 2:** Produce all financial records showing income for each FATCO office located in Utah, Salt Lake, Summit, Wasatch, Weber, Tooele and Davis Counties for 2014 and 2015. The requested reports should include reports for all periods for which financial information is retained, including weekly, monthly, quarterly and yearly financial reports.

---

[1] Docket no. 27.

[2] Docket no. 39.

[3] Docket no. 107.

**REQUEST FOR PRODUCTION NO. 3:** Produce all financial reports which show the income and expenses of FATCO's Utah operations for 2014 and 2015.[4]

In response to the requests, FATCO contends that it "produced monthly financial records, including income and expenses, for twelve of First American's sixteen branches in the requested counties and two other First American Utah offices," and "(1) a detailed list of all 2014-2015 transactions in Utah regardless of what office closed the transaction; (2) detailed information regarding revenue earned by the Northwest employees while employed by First American; and (3) detailed market share information."[5]   FATCO also produced a Rule 30(b)(6) witness on damages and offered to make the witness available a second time to address additional damages inquiries.  Defendants declined this proposal.

Defendant Smith seeks an order compelling FATCO to produce all financial records and reports responsive to the requests.  It does not appear that Defendant Smith proposed any compromise during the meet and confer process.

While the documents that Defendant Smith seeks through the requests appear relevant, the requests as drafted are sweeping in breadth and would require the production of documents that are clearly not relevant, e.g., receipts and invoices.  Further, the discovery as drafted does not appear tailored to the issues or proportionate to the needs of the case, particularly in light of FATCO's offer of another Rule 30(b)(6) deposition.  *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, Defendant Smith's motion to compel[6] is **GRANTED IN PART AND DENIED IN PART**.  The court hereby limits the scope of the requests and orders FATCO to produce within fourteen (14) days of the date of this order the same type of financial records and

---

[4] Docket no. 107-1 at 18-19.

[5] Docket no. 119 at 2-3.

[6] Docket no. 107.

2

reports that FATCO has produced to date, but encompassing and including information and records for all branches and/or offices in Utah, Salt Lake, Summit, Wasatch, Weber, Tooele, and Davis Counties.[7]  FATCO does not have to produce documents that it has already produced.

If defendants choose to accept FATCO's deposition proposal, they must give notice of the deposition to FATCO within ten (10) days of the date of this order, and FATCO is directed to make an appropriate Rule 30(b)(6) deponent available.

The court declines to impose sanctions at this time.

**IT IS SO ORDERED**.

DATED this 19th day of May, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] FATCO represents that it does not have any locations in Tooele County.  To the extent that is the case, FATCO obviously need not produce any documents for Tooele County offices or branches.