IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMKPANY, LLC,<br><br>Plaintiffs,<br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, MICHAEL SMITH, JEFF WILLIAMS, and KRISTI CARRELL,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING OBJECTIONS AND AFFIRMING MAGISTRATE JUDGE'S ORDERS<br><br>Case No. 2:15-cv-00229<br><br>District Judge David Nuffer |

Defendants have filed objections to two orders from Magistrate Judge Paul M. Warner. The first is an order resolving pending motions to compel ("[178] Order on Motions to Compel"),[1] and the second is an order denying Defendants' motion to stay a magistrate judge's order pending resolution of Defendants' written objection ("[197] Order Denying Stay").[2]

**BACKGROUND[3]**

The parties in the later part of 2015 filed several motions to compel.[4] The parties initially filed their motions pursuant to the Short Form Discovery Motion Procedure.[5] After reviewing the motions, Judge Warner determined that he required additional information and ordered further

1 Memorandum Decision ("[178] Order on Motions to Compel"), docket no. 178, filed May 10, 2016.

2 Docket text order, docket no. 197, filed May 19, 2016.

3 The following background facts are largely taken from Magistrate Judge Warner's [178] Order on Motions to Compel.

4 *See* Short Form Discovery Motion Compelling Initial Disclosures, Complete Answers to Discovery, and Production of Witness on all 30(B)(6) Topics, docket no. 47, filed October 13, 2015; Defendants' Motion Compelling Initial Disclosures, Complete Answers to Discovery, Production of Witness on all 30(b)(6) Topics, and Requests for Sanctions, and Memorandum in Support, docket no. 66, filed December 2, 2015; Short Form Motion to Compel Defendant Northwest Title Insurance Agency, LLC, to Produce Discovery Responses, docket no. 60, filed November 4, 2015; Short Form Motion to Compel Defendants Smith, Williams, and Carrell to Produce Discovery Responses, docket no. 61, filed November 5, 2015.

5 Short Form Discovery Motion Procedure, docket no. 39, filed August 14, 2015.

briefing.[6] In response to the order for further briefing, Plaintiffs supplemented their motions,[7] but Defendants filed a new long-form motion regarding the same issues.[8]

On May 10, 2016, Judge Warner issued his [178] Order on Motions to Compel denying Defendants' motions to compel on procedural grounds and granting Plaintiffs' motions to compel. Defendants had failed to file a separate statement as required by DUCivR37-1(b), and specifically ordered by Judge Warner.[9] In denying Defendants' motions to compel, Judge Warner first stated that he "does not arrive at this decision lightly."[10] He went on to underscore the fact that in a previous order he had "admonished all counsel in this case about questionable discovery behavior and warned them that they were '<u>on notice</u>' that the court would have '<u>zero</u>

---

[6] Order, docket no. 64, filed November 17, 2015.

[7] Memorandum in Support of Motion to Compel Defendants Michael Smith, Jeff Williams, and Kristi Carrell to Produce Discovery Responses, docket no. 68, filed December 2, 2015; Memorandum in Support of Motion to Compel Defendant Northwest Title Insurance Agency, LLC, to Produce Discovery Responses, docket no. 69, filed December 2, 2015.

[8] Defendants' Motion Compelling Initial Disclosures, Complete Answers to Discovery, Production of Witness on all 30(b)(6) Topics, and Requests for Sanctions, and Memorandum in Support, docket no. 66, filed December 2, 2015.

[9] *See* Order at 2-3, docket no. 64, filed November 17, 2015. Judge Warner stated in part:

> Each supporting memoranda must be accompanied by a separate statement that provides all information necessary to understand each discovery request and response at issue without reference to additional documents. The separate statement must be complete in and of itself, and may not incorporate other materials or responses by reference. For each disputed discovery request for which a further response is requested, the separate statement must include a separate section for each disputed request with the following:
>
> (1) The text of the discovery request (e.g., disclosure requirement, interrogatory, etc.);
>
> (2) The text of each response, answer, or objection, and any further responses or answers; and
>
> (3) A "succinct statement, separately for each objection, summarizing why the response received was inadequate."
>
> Each response memoranda must also be accompanied by a separate statement that follows the format and numbering of the moving party's separate statement provided for above, but additionally providing for each disputed request:
>
> (4) A "succinct statement, separately for each objection, summarizing why" a further response to the discovery request should not be required.

[10] [178] Order on Motions to Compel at 3.

tolerance' for misuse or abuse of the discovery process going forward."[11] Finally, Judge Warner pointed out that "failure to comply with the separate statement portion of this rule is not a new issue for Defendants' counsel. A little over two years ago, this court admonished Defendants' counsel in another matter for failure to include a *compliant* separate statement."[12] Judge Warner required Defendants to provide the responsive documents to Plaintiffs within ten days of his Order.

The day that the responsive documents were due, Defendants filed a Motion[13] to Stay ("[196] Motion to Stay") the [178] Order Granting Motions to Compel so that they could file their objection to that order. That same day, Judge Warner denied Defendants' [196] Motion to Stay.[14] On May 20, 2016, Defendants filed an Emergency Objection to Magistrate Judge's Order

---

[11] *Id.*; Warner is referring to his Memorandum Decision and Order, docket no. 63, filed November 9, 2015. There he stated in relevant part:

> To the extent [discovery] disputes cannot be resolved, the meet and confer process should significantly narrow the issues prior the filing of any motion. Involvement of the court in discovery disputes is a matter of last resort. Finally, the discovery process is not intended to be a means to play hardball or hide the ball, or for lawyers to fill billable hour quotas or to attempt to gain an improper advantage in the litigation.
>
> . . . .
>
> The conduct and allegations of conduct by the respective sides and their counsel are troubling to the court. Both sides may well be using the discovery process to harass and delay. Both sides complain of overly broad discovery requests by the other side, while propounding similarly overbroad discovery requests. The court admonishes both sets of counsel for what appears to be overreaching and evasion that borders on abuse of the discovery process.
>
> Counsel and the parties are now warned and are on notice that this court has zero tolerance for the game playing that has become all too common in the discovery process. Going forward, improper conduct or a lack of professionalism and courtesy by either side will result in this court employing the tools at its disposal in a manner likely to ensure such conduct does not happen again.

[12] [178] Order on Motions to Compel at 4 (emphasis added) (citing to *Xyngular v. Schenkel*, case no. 2:12-cv-00876-RJS-PMW (D. Utah January 12, 2014) (denying motion brought by Wood Balmforth LLC on behalf of its client for including an incomplete separate statement.")).

[13] Motion for Partial Stay of Magistrate Judge's Order Pending Review of Objection and Memorandum in Support, docket no. 196, filed May 19, 2016.

[14] Docket text order, docket no. 197, filed May 19, 2016.

denying their motion to stay ("[200] Objection to Judge Warner's denial of stay").[15] On May 23, 2016, Defendants' [196] Motion to Stay and [200] Objection to Judge Warner's denial of stay were taken under advisement.[16] Defendants were also ordered to file by May 24, 2016, their objection to Judge Warner's [178] Order Granting Motions to Compel.

## STANDARD OF REVIEW

The Magistrate Judge's orders on non-dispositive pretrial matters are reviewed under a "clearly erroneous or contrary to law" standard of review.[17] Under the clearly erroneous standard, the Magistrate Judge's ruling is affirmed "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[18] Courts recognize that wide discretion is given the magistrate judge in discovery rulings.[19]

## DISCUSSION

Defendants—in their Objection to the Magistrate Judge's [178] Order Granting Motions to Compel—contend that the order is clearly erroneous or contrary to law for the following reasons:

> (1) Judge Warner mistakenly blamed Defendants' counsel for a briefing error occurring years before in an unrelated case. Defendants' counsel indisputably did not commit that error. Judge Warner cited other alleged errors by counsel which were either based on good faith misunderstandings of an ambiguous order or rule, or were not error.
>
> (2) Then – based entirely upon the foregoing erroneous version of the facts – Judge Warner effectively sanctioned Defendants by summarily ruling against them on three pending discovery motions, without any consideration of the merits.

---

[15] Emergency Objection to Magistrate Judge's Denial of Partial Stay and Request for Partial Stay of Magistrate Judge's Memorandum Decision, docket no. 200, filed May 20, 2016.

[16] Docket text order, docket no. 201, filed May 23, 2016.

[17] 28 U.S.C. § 636(b)(1)(A).

[18] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[19] *Soma Med. Int'l v. Standard Chartered Bank,* 196 F.3d 1292, 1300 (10th Cir.1999).

> (3) By summarily granting two motions to compel filed by the First American Plaintiffs (collectively, "FATCO") without any consideration of their overbreadth, burdensomeness, and immateriality, the Decision is requiring Defendants to produce an estimated 1.84 million pages of duplicative or irrelevant documents, which will cost hundreds of thousands, or even millions, of dollars in processing and review costs. Defendant Northwest Title Agency, LLC ("Northwest") is a small, startup company. These costs are crushing, and the material produced will do nothing to advance this litigation.
>
> (4) By summarily denying Defendants' motion to compel, the Decision leaves Defendants with no opportunity to take a meaningful 30(b)(6) deposition of FATCO, with no redress for FATCO's failure to appear at its own deposition without filing a motion for protective order, with no calculation of various categories of damages claimed by FATCO, and with no opportunity to probe FATCO's alleged efforts to protect alleged trade secrets.[20]

Contrary to Defendants' first argument, Judge Warner did not "mistakenly blame" Defendants' counsel for a briefing error. According to Defendants, Kathryn Balmforth, an attorney at Wood Balmforth, was "assisting Defendants' counsel with the briefing, including the briefing of these discovery motions."[21] Defendants state that although "Ms. Balmfurth is an experienced attorney . . . she had had no prior experience with the particular short form discovery procedures at issue here."[22] Apparently, "[a]fter reading the Briefing Order and DUCivR 37-1, Mr. Balmforth believed that their meaning was to require the parties to assemble all information regarding each discovery dispute in one location in the briefing . . . ."[23] FATCO attached their separate statement documents to their supplemental memoranda, and Defendants contend that had Ms. Balmforth "reviewed those attachments, she likely would have realized that she misunderstood the Briefing Order."[24] The excuse offered for Ms. Balmforth's inattention in reviewing the separate statement documents attached to FATCO's supplemental memoranda is

---

[20] Objection to Magistrate Judge's Memorandum Decision at ii ("Objection to [178]"), docket no. 206, filed May 24, 2016.

[21] *Id.* at v.

[22] *Id.*

[23] *Id.*

[24] *Id.* at vi.

that "because Ms. Balmforth misunderstood the 'separate statement' requirement, she was not looking for a separate document accompanying FATCO's supplemental memoranda[,]" and "was unaware that, among the numerous exhibits to FATCO's memoranda were additional 'separate statements,' ECF 68-1 and ECF 69-1."[25]

Defendants' counsel offers no reasonable excuse for failure to follow the local rules and the court's order. Ms. Balmforth's inexperience with the short form discovery procedures and her excuse that had she seen FATCO's separate statement attachment, she would have realized her mistake are unconvincing. Ignorance of procedural rules is no excuse.

Rule 37–1(b) of the Rules of Practice for the United States District Court for the District of Utah states that all motions to compel discovery "must be accompanied by a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate."[26] Also, Judge Warner "specifically ordered the parties to submit separate statements in support of each of the motions for which the court sought further briefing."[27] Despite the clear requirements of the local rule and the court's order, Defendants failed to comply. Judge Warner cited to *Xyngular v. Schenkel,*[28] a case where a Wood Balmforth attorney[29] was admonished for failing to include a "compliant" separate statement. Judge Warner's reference to *Xyngular* merely supports a finding that Wood Balmforth was previously made aware of the separate statement requirements.

[25] *Id.*

[26] DUCivR 37-1(b).

[27] [178] Order on Motions to Compel at 2.

[28] No. 2:12-cv-00876-RJS-PMW (D. Utah January 12, 2014).

[29] Stephen Wood was the attorney that had failed to file a compliant separate statement in the *Xyngular* case. Mr. Wood is also an attorney on record in this case.

Defendants' remaining arguments also do not demonstrate clear error. Judge Warner did not "effectively sanction" Defendants with his [178] Order on Motions to Compel. Judge Warner warned counsel and put them on notice that he will have "zero tolerance for the game playing that has become all too common in the discovery process."[30] Because Defendants did not follow the procedural rules or the court's previous order, their motions to compel were simply denied; there was no sanction.

Defendants argue that Judge Warner's [178] Order on Motions to Compel requires them to "produce an estimated 1.84 million pages of duplicative or irrelevant documents, which will cost hundreds of thousands, or even millions, of dollars in processing and review costs."[31] Defendants cite Douglas C. Smith's declaration, in which he states that in order to provide the documents to FATCO, an electronic search of Northwest's server was conducted with 900 search terms[32] that resulted in 184,000 responsive documents and approximately 130 GBs of data.[33] Mr. Smith states that the 184,000 separate documents are likely to contain an average of ten pages each, for a total of 1.84 million pages[34]. "Northwest contacted Salt Lake Legal, LLC and requested an estimate of cost to extract and process the 130 GB of data. Salt Lake Legal estimated the cost to do so at $22,500."[35] Defendants contend that "[a]ttorney review time will

---

[30] [178] Order on Motions to Compel at 4.

[31] Objection to [178] at ii.

[32] The search terms were not identified in the briefing and not subject of any discussions with adverse counsel. *See* Memorandum in Opposition to Defendants' Emergency Objection to Magistrate Judge's Denial of Partial Stay and Request for Partial Stay of Magistrate Judge's Memorandum Decision [Nos. 196 & 200], docket no. 205, filed May 24, 2016. Defendants may have started on a course unlikely to fulfill their discovery obligations. *See also* The Sedona Conference, The Sedona Conference Cooperation Proclamation: Resources for the Judiciary at 36-42 (December 2014), available at https://thesedonaconference.org/download-pub/3968. Defendants would be wise to act promptly to correct deficient practice.

[33] Fifth Declaration of Douglas C. Smith at ¶¶ 4-5, docket no. 206-7, filed May 24, 2016.

[34] *Id.* ¶ 7.

[35] Declaration, ¶ 6.

cost anywhere from hundreds of thousands to over $2 million."[36] The estimated cost for Salt Lake Legal to extract and process the 130 GB is not an unusual or shocking amount in commercial litigation for compliance with discovery requests. Also, Defendants fail to provide sufficient specific information to support their assertion that 900 search terms are required and the claimed cost for attorney review.

Finally, the Magistrate Judge was well within his discretion in summarily denying Defendants' motions to compel. Any consequences that resulted from Judge Warner's [178] Order on Motions to Compel were the result of Defendants' own actions.

Having reviewed the entire record, the Magistrate Judge's determination was not clearly erroneous or contrary to the law. IT IS THEREFORE ORDERED:

1. Defendants' Objection[37] is DENIED and Judge Warner's [178] Order[38] on Motions to Compel is AFFIRMED.

2. Defendants' [200] Objection to Judge Warner's denial of stay[39] is MOOT.

3. All responsive documents that Defendants have been ordered to produce shall be produced by June 24, 2016. Defendants shall immediately make arrangements for the resources necessary to accomplish this task, and are warned that delays are not acceptable. Time can be compressed by devotion of adequate resources.

Dated June 2, 2016.

BY THE COURT:

David Nuffer
United States District Judge

[36] Objection to [178] at 7.

[37] Docket no. 206.

[38] Docket no. 178.

[39] Docket no. 200.