IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>Plaintiffs,<br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cv-00229-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Judge Nuffer ordered the parties to follow the Short Form Discovery Motion Procedure.[2] Before the court is Plaintiffs First American Title Insurance Company and First American Title Company's (collectively "FATCO") Short Form Motion to Compel Proper Document Designation by Defendants.[3]

On May 10, 2016, this court ordered Defendants to produce certain documents within 10 days of that order.[4] Thereafter, Judge Nuffer granted a stay of production pending a determination of Defendants' objection to this court's order. Judge Nuffer subsequently affirmed this court's order and ordered production of the documents by June 24, 2016.[5]

In that order, Judge Nuffer stated:

---

[1] Docket no. 27.

[2] Docket no. 39.

[3] Docket no. 255.

[4] Docket no. 178.

[5] Docket no. 212.

> All responsive documents that Defendants have been ordered to produce shall be produced by June 24, 2016. Defendants shall immediately make arrangements for the resources necessary to accomplish this task, and are warned that delays are not acceptable. Time can be compressed by devotion of adequate resources.[6]

Defendants produced hundreds of thousands of documents, but designated all of them "CONFIDENTAL - ATTORNEYS EYES ONLY" ("AEO") under the standard protective order. Plaintiffs' motion seeks an order compelling Defendants to de-designate or re-designate the documents. Defendants fail to make clear what steps they took before determining that "an umbrella AEO designation was appropriate."[7] Defendants complain that they did not have enough time to review all documents, despite Judge Nuffer's warning on this issue, but also represent that an "umbrella" AEO designation was made after a reviewing the documents and determining that AEO designation was appropriate because the documents included "client names, social security numbers, driver license numbers, bank accounts, tax returns, divorce records" as well as "customer lists, marketing materials and business information."[8]

The standard protective order limits the use of the AEO designation to the following types of information:

> (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.

---

[6] *Id.*

[7] Docket no. 268 at 2.

[8] *Id.*

Plaintiffs' motion to compel[9] redesignation is **GRANTED** as discussed herein. Within twenty-one (21) days of the date of this order, Defendants shall produce re-designated or de-designated versions of documents. At that time, Defendants shall also produce a log listing any documents that Defendants have not re-designated or de-designated. The log shall be in the format of a privilege log, and shall describe each document individually and the specific basis for asserting AEO status. The description must be sufficient for Plaintiffs' counsel and the court to immediately assess what information gives rise to an assertion of the AEO designation.

Defendants represent that the existing AEO designations were made knowingly based on this type of analysis, so the burden on Defendants should be relatively limited. Further, there is no basis for shifting the burden of document-by-document review to the court or opposing counsel, or for allowing a wholesale "umbrella" designation to curtail opposing counsel's ability to litigate this matter.

After Defendants produce the AEO log, Plaintiffs may review the log and documents. If Plaintiffs continue to believe in good faith that Defendants are significantly overdesignating documents as AEO, Plaintiffs may bring a new motion. In conjunction with that motion, Plaintiffs must submit for *in camera* review a sample set of documents that Plaintiffs believe are improperly designated as AEO. At that time, the court will also issue an order requiring submission of a randomized sample of AEO-designated documents by Defendants for *in camera* review. If the court determines based on the samples that Defendants continue to unreasonably overuse the AEO designation, the court will impose appropriate sanctions, which may include, among others: (1) stripping the AEO-designation from all of Defendants' documents; (2)

---

[9] Docket no. 108.

monetary sanctions against Defendants' counsel; and/or (3) stripping confidential designations from all of Defendants' documents.

The court declines to impose sanctions on Defendants at this time.

**IT IS SO ORDERED**.

DATED this 20th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge