IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>                  Plaintiff,<br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, MICHAEL SMITH, JEFF WILLIAMS, and KRISTI CARRELL,<br><br>                  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION IN LIMINE TO EXCLUDE EXPERT REPORT OF JAMES S. JARDINE**<br><br>Case No. 2:15-cv-00229-DN<br><br>District Judge David Nuffer |

Northwest Title Insurance Agency, LLC (Northwest) and Michael Smith, Jeff Williams, and Kristi Carrell (collectively "Individual Defendants") seek to exclude "the expert report[1] and testimony of James S. Jardine."[2] Mr. Jardine offers opinions related to the duties of one defendant, Michael M. Smith. Plaintiffs First American Title Insurance Company and First American Title Company, LLC (collectively "First American") allege in Count VII of their thirteen causes of action that Smith breached fiduciary duties:

> 170. Smith had and continues to have a fiduciary obligation to First American not to engage in conduct that would cause First American to sustain injury or loss.
> 171. Smith acted purposefully to inflict damage on First American in at least the following ways: hiring and enticing First American's employees away from their employment at First American to work at Northwest Title; causing First American employees to breach their contractual agreements with First American; and luring First American's customers to Northwest Title, thereby interfering with First American's relationships with its customers.[3]

---

[1] Expert Report of James S. Jardine ("Jardine Report.") at 3–4, Exhibit 1 to Motion, docket no. 266-1, filed under seal August 26, 2016.

[2] Motion in Limine to Exclude Expert Report of James S. Jardine ("Motion") at 1, docket no. 263, filed August 26, 2016.

[3] Complaint at 28, docket no. 2, filed April 3, 2015.

Jardine offers opinions related to this single cause of action.

Specifically, Mr. Jardine concluded as follows: (1) Mr. Smith had an attorney-client relationship with First American, (2) Mr. Smith had a conflict of interest in his representation no later than January 17, 2015, (3) Mr. Smith failed to disclose material information to First American, (4) Mr. Smith breached his duty of confidentiality, (5) Mr. Smith breached his duties associated with termination of representation, and (6) Mr. Smith failed to rely on available options to clarify his fiduciary duties.[4]

The Motion challenges Jardine in several ways:

- Mr. Jardine is not qualified as an expert.[5]
- His report is unreliable because it is based on inaccurate statements of law,[6] unsupported assumptions of facts,[7] and anecdotal evidence.[8]
- He is not helpful to the trier of fact because he draws improper legal conclusions[9] and offers opinions on lay matters.[10]

## DISCUSSION

**Qualifications**: Starting with "the wide latitude a district court has in exercising its discretion to admit or exclude expert testimony,"[11] it is apparent that Jardine has the qualifications necessary to opine on the subjects indicated. The parties cite district court opinions for standards they claim show that he is[12] or is not qualified,[13] but they do not dispute that Mr.

---

[4] Plaintiffs' Opposition to Defendants' Motion in Limine to Exclude Expert Report of James S. Jardine ("Opposition") at 2, docket no. 273, filed September 9 2016.

[5] Motion at 1–3.

[6] Motion at 3–7.

[7] Motion at 7–8.

[8] Motion at 8–10.

[9] Motion at 10–11.

[10] Motion at 11–13.

[11] *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004).

[12] Opposition at 4 nn. 4–6 and at 5 n. 8.

[13] Reply Memorandum in Support of Motion in Limine to Exclude Expert Report of Jim [sic] Jardine ("Reply") at 3, nn. 11-12 and at 4 n. 13, docket no 295, filed October 11, 2016.

Jardine "is a highly-respected Utah attorney with over forty years of legal experience;" is "currently a member of the Utah State Judicial Conduct Commission and served as a member of this Court's Committee on the Local Rules of Practice for ten years;" "served as the Managing Director of Ray Quinney & Nebeker for approximately eighteen years, where he 'regularly address[ed] issues . . . of potential and actual lawyer conflicts, duties of loyalty and confidentiality to clients, the transition of lawyers to and from [the] firm, and other related ethical issues;" and "dealt with fiduciary duty issues relating to attorneys not only in [his] practice advising other clients including other law firms but in [his] role as Managing Director . . . ."[14] Review of the topics of his opinions, the substance of the report, and the qualifications listed shows he is qualified to render these opinions.

**Reliability**: Defendants' argument that Jardine makes inaccurate statements of law[15] by relying on the Restatement (Third) of the Law Governing Lawyers, or by interpretations of Utah Rules of Professional Conduct 1.7, 1.4, 1.6, 1.9, and 1.16 reflects Defendants' legitimate disagreement with his conclusions. But nothing argued by Defendants makes his opinions unreliable as a matter of law.

Similarly, Defendants' objections that the facts on which Jardine relies are unsupported assumptions and anecdotal evidence reflect the parties' different views of the evidence. Defendants' cross-examination of Jardine make clear that he relied on specific evidence and if the jury adopts Defendants' view of the evidence, the jury will be entitled to disregard his testimony.

---

[14] Opposition at 4–5.

[15] Motion at 4.

**Invading Province of Judge and Jury:** Defendants also express concern that "Mr. Jardine's report . . . includes conclusions of law and opinions on lay matters."[16]

Mr. Jardine may not testify as to the applicable law beyond what is contained in the jury instructions. For example, his recitation of his assumptions on the law in pages 16–18 of his report and other expositions on the law will not be the subject of testimony, except to reveal his assumptions. And his legal assumptions must be consistent with the jury instructions. "It is the function of the trial judge to determine the law of the case. It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles."[17]

Likewise, he may not offer his conclusions that certain actions constituted "breaches" of duty.[18] The rule permitting ultimate opinion evidence[19] does not apply to legal opinions.[20]

> There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge.... To allow anyone other than the judge to state the law would violate the basic concept. Reducing the proposition to a more practical level, it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.[21]

Mr. Jardine may "aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms" and may illustrate the application of legal principles to facts, helping the jury understand the context in which the legal rules may apply.[22] While the court "will instruct the jury on the legal duties arising from the general law . . . and the

---

[16] Motion at 10.

[17] *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984).

[18] Some of these instances are catalogued in Motion at 10, n. 34.

[19] Fed. R. Evid. 704

[20] *Specht v. Jensen*, 853 F.2d 805, 807-808 (10th Cir. 1988)

[21] *Id.* at 807, quoting Stoebuck, Opinions on Ultimate Facts: Status, Trends, and a Note of Caution, 41 Den. L. Cent. J. 226, 237 (1964).

[22] *Id.* at 809.

specific duties owed by [Mr. Smith] by reference to statutes, rules, and case law . . . [Mr. Jardine] would testify about how the community of lawyers handle such cases."[23] Mr. Jardine may testify as to the relationship of factual scenarios to ethical rules and responsibilities but may not offer an opinion that a duty was breached.

Defendants object that Mr. Jardine's recitations of assumptions and factual context are an impermissible summary. To minimize the risk that his assumptions may be perceived as independent factual testimony, his testimony must be given at the end of Plaintiffs' case, after factual witnesses have concluded and a cautionary instruction will be given at the start of the testimony. The parties are invited to recommend revisions to this instruction.

### PROPOSED INSTRUCTION

You are about to hear the testimony of an attorney who is appearing not because he is a witness to any event that happened in this case but to give his opinion on the actions of a practicing attorney under specific circumstances. As you have already been told, you are not bound, however, by a witness who gives opinions. You should judge opinion testimony just as you judge any other testimony. Give it the weight to which you deem it entitled, whether that be great or slight, and you may reject it, if in your judgment the reasons given for it are unsound.

He may refer to legal standards. However, the only legal standards which you may apply are contained in the jury instructions which I will read to you later. You must disregard any statements about the law which are inconsistent with the jury instructions.

He may also testify as to factual assumptions he makes in reaching his opinions. If your determinations of the facts vary from his assumptions, that will affect the weight you give his opinions.

---

[23] Wilburn Brewer, Jr., Expert Witness Testimony in Legal Malpractice Cases, 45 S.C. L. Rev. 727,760 (1994).

Finally, Mr. Jardine will not be permitted to state "inferences and opinions about state of mind."[24] '[E]xperts are not permitted to testify regarding 'intent, motive, or state of mind . . . .'"[25] Other inferences may be permitted.

## ORDER

IT IS HEREBY ORDERED that the Motion in Limine to Exclude Expert Report of James S. Jardine ("Motion") is DENIED IN PART AND GRANTED IN PART.[26]

Dated November 1, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[24] Motion at 12–13.

[25] *iFreedom Direct Corp. v. First Tennessee Bank Nat. Ass'n,* No. 2:09-CV-205-DN, 2012 WL 3067597, at *1 (D. Utah July 27, 2012) (quoting *AstraZeneca LP v. Tap Pharmaceutical Products, Inc.*, 444 F . Supp. 2d 278, 293 (D. Del. 2006).

[26] Docket no. 263, filed August 26, 2016.