IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>                    Plaintiffs,<br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC, MICHAEL SMITH, JEFF WILLIAMS, and KRISTI CARRELL,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [344] PLAINTIFFS' MOTION TO STRIKE ALL DESIGNATED DEPOSITION TESTIMONY OF DENNIS J. GILMORE**<br><br>Case No. 2:15-cv-00229<br><br>District Judge David Nuffer |

Plaintiffs filed a motion to strike all designated deposition testimony of Dennis J. Gilmore,[1] the chief executive officer of First American Financial Corporation.[2] Defendants opposed the motion,[3] and the plaintiffs replied to that opposition.[4]

## BACKGROUND

Plaintiffs filed a similar motion to prevent the defendants from taking Gilmore's deposition.[5] Judge Warner denied the motion,[6] finding that "Mr. Gilmore appears to have unique knowledge and/or personal involvement sufficient to permit the deposition under the liberal

---

[1] Plaintiffs' Motion to Strike all Designated Deposition Testimony of Dennis J. Gilmore (Motion), docket no. 344, filed November 7, 2016.

[2] *Id.* at 2.

[3] Opposition to Plaintiffs' Motion to Strike All Designated Deposition Testimony of Dennis J. Gilmore (Opposition), docket no. 391, filed November 23, 2016.

[4] Reply Memorandum in Support of Motion to Strike All Designated Deposition Testimony of Dennis J. Gilmore (Reply), docket no. 430, filed December 2, 2016.

[5] Short Form Motion for Protective Order to Preclude Deposition of Dennis J. Gilmore, docket no. 52, filed October 23, 2015.

[6] Memorandum Decision, docket no. 180, entered May 11, 2016.

discovery standards."[7] In the Reply, the plaintiffs correctly point out that at this stage the question is no longer considered under the "liberal discovery standards of Rule 26(c)," but rather "under the Federal Rules of Evidence,"[8] specifically Rules 401 and 403.

Defendants argue that the designated deposition of Dennis J. Gilmore is necessary trial testimony for several reasons.[9] First, defendants argue that the designated deposition is per se relevant and probative because Gilmore is the CEO, serves on the board of directors of First American Financial, and is President of First American Title Insurance Company.[10] Second, and related to the first, the defendants argue that as a member of the First American Financial's board of directors, Gilmore is the "only witness from First American Financial who has been identified by either party to testify."[11] Finally, defendants argue that the designated deposition is important because Gilmore provided information about confidential information.[12]

## DISCUSSION

The plaintiffs argue that the designated deposition should be excluded based on Rules 401 and 403 of the Federal Rules of Evidence.[13] Rule 401 states:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

And Rule 403 states:

---

[7] *Id.* at 2.

[8] Reply at 4.

[9] Opposition at 3–4.

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.* 3–4.

[13] Motion at 1. For the reasons stated in Judge Warner's Memorandum Decision at 1–2, the Apex Doctrine will not be addressed in this order.

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Defendants arguments for including Gilmore's designated deposition are either not relevant or are outweighed by Rule 403 considerations. A person's position does not automatically make the testimony relevant. Gilmore, as a board member of First American Financial, does not provide a unique perspective on First American Financial documents. After reviewing Gilmore's designated depositions, his testimony regarding those documents is limited and superficial. The alleged confidential information Gilmore discusses relates to claims and documents no longer at issue.[14] But even so, anything Gilmore says about those documents is cumulative: The 30(b)(6) witness, Karen Lanning, provides testimony on those documents.

Additionally, defendants argue the Gilmore designated deposition is "highly relevant to Plaintiffs' claims [because,] [t]o the extent the President of the company knew nothing about the purchase of Equity Title by First American title Insurance Company and subsequent merger into First American Title Company, LLC, the knowledge of such details cannot reasonably be imputed to the Individual Defendants."[15] There is no legal basis for this argument. The designation deposition could confuse the issues, mislead the jury, or create undue delay.

---

[14] Order on Stipulated Motion to Dismiss Certain Claims Against Defendants, docket no. 384, entered November 18, 2016 (dismissing counts VII, VIII, IX, and XIII); Docket Text Order granting [407] Motion to Dismiss, docket no. 412, entered November 26, 2016 (dismissing all claims based on the Confidential Information and Inventions Agreement)

[15] Opposition at 5.

## ORDER

THEREFORE the designated portion of the Dennis J. Gilmore deposition[16] is STRICKEN. Plaintiffs' Motion to Strike All Designated Deposition Testimony of Dennis J. Gilmore[17] is GRANTED.

Dated December 6, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[16] Notice of Filing of Deposition Designation Form for Dennis Gilmore, docket no. 389, filed November 21, 2016.

[17] Docket no. 344, filed November 7, 2016.