IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>Plaintiffs,<br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC; MICHAEL SMITH; JEFF WILLIAMS; and KRISTI CARRELL,<br><br>Defendant. | **ORDER DENYING THE MOTIONS TO SET ASIDE VERDICT**<br><br>Case No. 2:15-cv-00229-DN<br><br>District Judge David Nuffer |

In the Motion to Set Aside Verdict for Double Recovery,[1] defendants move to "set aside the award of damages"[2] because the claims upon which those damages are based "are all premised on the same conduct and the same injury to First American."[3] Defendants also "request that the Court dismiss First American's claim for punitive damages"[4] for insufficient evidence.

Defendants also filed the Motion to Set Aside Verdict for Failure to Instruct and Improper Instruction or for Mistrial.[5] In that motion the defendants argue that the jury was not properly instructed on the standard of proof for malice.

Both motions are DENIED for the reasons stated below.

---

[1] Docket no. 471, filed December 17, 2016.

[2] *Id.* at i.

[3] *Id.* at ii.

[4] *Id.*

[5] Docket no. 474, filed December 19, 2016.

## DISCUSSION

**The jury's verdict will not be disturbed.**

"A basic principle of compensatory damages is that an injury can be compensated only once."[6] The defendants argue that the jury's verdict duplicates damages. In support, the defendants state that the three torts for which the jury found the defendants liable[7] are all based on the same conduct and injury. Allowing separate damages for each cause of action, the defendants argue, would duplicate damages.

We cannot speculate on the basis for the jury's verdict. Regarding tortious interference for both Michael Smith and Northwest, the jury may have considered other agents of Northwest, *e.g.*, Doug Smith, that tortiously interfered with First American's contracts: Michael Smith's breach of his fiduciary duty is the predicate improper means which enabled tortious interference by other agents of Northwest. A jury verdict should not be upset "on the basis of speculation."[8]

Defendants also argue that the jury may have been confused by instruction 60. It stated

> The amount of damages you award may overlap among the defendants and among the claims.
> If you find a defendant liable on multiple claims or if you find several defendants liable on a single claim, the court may take action to ensure that double recovery does not occur, and may require First American to elect between damage awards.

From that, the defendants argue that the jury must have understood that the court would pare down their damage award. However, the instruction only stated "the court *may* take action" to prevent double recovery. The form of the verdict assures no double recovery was granted.

---

[6] *Bender v. City of N.Y.*, 78 F.3d 787, 793 (2d Cir. 1996).

[7] 1. Northwest's tortious interference with First American's contracts; 1. Michael Smith's breach of fiduciary duty to First American; and 3. Michael Smith's tortious interference with First American's contracts.

[8] *Midwest Underground Storage, Inc. v. Porter*, 717 F.2d 493, 501 (10th Cir. 1983).

Even though the jury assigned separate damage amounts for each cause of action, they also filled in the final line of the damages section: "The total amount of damages to be awarded to First American is $2,725,000."[9] The jury clearly declared that their damage awards on each claim do not overlap.

**The jury was properly instructed regarding the burden of proof for malice.**

The defendants filed a separate motion arguing that the jury was not instructed on the clear and convincing standard for making a finding of "willful and malicious, or in reckless indifference toward, and disregard of, the rights of First American."[10]

Instruction No. 18 defines clear and convincing evidence. It concludes by stating

> Only the facts related to the plaintiffs' claim of Civil Conspiracy and Defendants defenses of equitable estoppel and abandonment must be proved by clear and convincing evidence.

Defendants argue that because "willful and malicious, or in reckless indifference toward, and disregard of, the rights of First American" was "notable absent from this exhaustive, or exclusionary list" then the defendants were prejudiced.

However, each of the five questions on the verdict form relating to malice was prefaced by "Do you find by clear and convincing evidence that . . . ."[11] This specific and frequent reference to the higher standard of proof assures the right standard was applied.

**There is sufficient evidence for finding punitive damages.**

Defendants argue that the evidence First American presented at trial is insufficient to justify punitive damages. Specifically, defendants argue that the "[p]laintiffs' claims for punitive

---

[9] Special Verdict – Phase I, docket no. 470, entered December 12, 2016.

[10] Motion to Set Aside Verdict for Failure to Instruct and Improper Instruction or for Mistrial at 1–2, Docket no. 474, filed December 19, 2016.

[11] Special Verdict ¶¶ D3; E4; F5; G4; H6.

damages are based on emails sent by Mike Smith and others after they had already been sued in this case."[12]

Throughout the trial, First American referenced various emails sent by Mike Smith and others indicating their disdain for First American. These emails, though sent after litigation began, may be "probative of the defendant[s'] state of mind at the time of" the tortious behavior."[13] But more importantly, other evidence was presented at trial regarding the defendants' timing and motives that may have been the basis of the jury's determination that Mike Smith acted with malice in breaching his fiduciary duty and tortiously interfering with First American's contracts and the jury's determination that Northwest acted with malice in tortiously interfering with First American's contracts.

## ORDER

The Motion to Set Aside Verdict for Double Recovery[14] is DENIED.

The Motion to Set Aside Verdict for Failure to Instruct and Improper Instruction or for Mistrial[15] is DENIED.

Dated December 19, 2016.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[12] Motion at 8.

[13] *Marshall v. El Paso Natural Gas Co.*, 874 F.2d 1373, 1381 (10th Cir. 1989).

[14] Docket no. 471, filed December 17, 2016.

[15] Docket no. 474, filed December 19, 2016.