IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY and FIRST AMERICAN TITLE COMPANY, LLC,<br><br>                     Plaintiff,<br><br>v.<br><br>NORTHWEST TITLE INSURANCE AGENCY, LLC; MICHAEL SMITH; JEFF WILLIAMS; and KRISTI CARRELL,<br><br>                     Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [494] MOTION FOR STAY OF EXECUTION OF JUDGMENT**<br><br>Case No. 2:15-cv-00229-dn<br><br>District Judge David Nuffer |

      Defendants Northwest Title Insurance Agency, LLC, Michael Smith, Jeff Williams, and Kristi Carrell (collectively, "defendants") move to stay the execution of judgment while this court considers post-trial motions.[1] Plaintiffs respond in opposition.[2] Defendants reply in support of the motion.[3]

      For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART. The plaintiffs will be stayed from executing the judgment on the condition that defendants post a full bond.

---

[1] Motion for Stay of Execution of Judgment Pending Consideration of Post-Trial Motion, docket no. 494, filed January 17, 2017.

[2] Plaintiffs' Opposition to Motion to Stay Execution of Judgment Pending Consideration of Post-Trial Motion, docket no. 496, filed January 20, 2017.

[3] Reply Memorandum in Support of Motion for Stay of Execution of Judgment Pending Consideration of Post-Trial Motion, docket no. 497, filed January 23, 2017.

## BACKGROUND

On January 3, 2017, the clerk of the court entered judgment in this case[4] against

defendants for the following amounts:

1. Michael Smith in the amount of $1,625,000.00 for compensatory damages;
2. Jeff Williams in the amount of $50,000.00 for compensatory damages;
3. Kristi Carrell in the amount of $50,000.00 for compensatory damages;
4. Northwest Title Insurance Agency LLC in the amount of $1,000,000.00 for compensatory damages; and
5. Northwest Title Insurance Agency LLC in the amount of $500,000.00 for exemplary damages.

In this Motion, defendants argue that they are financially incapable of satisfying those

judgments, that First American has refused to accept settlement offers, or that First American is

actively trying to stymy their efforts to comply with the judgment. They therefore ask for a stay

on the execution of the judgment until the Rule 59 motions have been briefed and decided. They

further ask that stay be granted without bond.[5]

## DISCUSSION

Rule 62(b) of the Federal Rules of Civil Procedure states:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motion:
> ...
> (3) under Rule 59, for a new trial or to alter or amend judgment

The Supreme Court has provided four factors for considering whether a stay should

granted.

> [T]he factors regulating the issuance of a stay are . . . : (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether

---

[4] Judgment, docket no. 489, entered January 3, 2017.

[5] Motion at ii.

issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[6]

Regarding the "opposing party's security,"[7] the Supreme Court has stated that "[t]he district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor."[8]

*Miami International Realty Co. v. Paynter*[9] illustrates this analysis. The plaintiff, Miami, won a $2,100,000 verdict. When Miami attempted to execute the verdict, Paynter moved for a "stay of execution and waiver of supersedeas bond or, in the alternative, approval of a supersedeas bond for less" than the full judgment amount. Paynter provided an affidavit "in which [he] stated that he did not have sufficient assets to post [the full amount of the] supersedeas bond . . . and that execution of the judgment would cause him irreparable harm and place him in insolvency." The district court granted the stay and allowed for partial security of Miami's judgment.[10] The district court also allowed Miami to proceed with Rule 69 discovery "to determine whether there are assets which are possibly affected by the stay."[11] The district further enjoined Paynter from "any transfer of assets."[12] Paynter ended up closing his bank account, withdrawing $111,865.88, and using it to pay his personal bills and gambling in Vegas, losing between $60,000 and $70,000.

Notwithstanding these facts, the Tenth Circuit upheld the district court's decision to grant the stay with only partial security. The court held that when a judgment debtor offers affidavit

---

[6] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

[7] Fed. R. Civ. P. 62(b).

[8] *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996).

[9] 807 F.2d 871 (10th Cir. 1986).

[10] *Id.* at 872–73.

[11] *Id.* at 872.

[12] *Id.*

evidence demonstrating inability to post bond in the full judgment amount or that executing judgment would place him in insolvency, then the district court would not err "in granting the stay without a full supersedeas bond."[13] The guiding principle: "[W]hen setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors."[14]

In this case, each defendant filed a declaration[15] to their ability or inability to satisfy judgment or post bond:

- Michael Smith states, "I do not have the ability to pay the $1,625,000.00 judgment entered against me. I do not have the assets or the ability to borrow enough funds to secure a bond for the amount of the judgment."[16]

- Jeffrey Williams states, "I offered to pay Plaintiffs the full amount of the judgment entered against me ($50,000.00) as satisfaction of the judgement [sic] and all claims against me. Plaintiffs refused to accept this offer."[17]

- Kristi Carrell states, "I do not have the ability to pay or post a bond for the $50,000.00 judgment entered against me."[18]

- Douglas Smith on behalf of Northwest Title states, "[o]n January 4, 2016, Northwest Title offered to immediately pay $1,000,000.00 to satisfy the judgment. Plaintiffs refused to accept this offer . . . . Northwest anticipates that

---

[13] *Id.* at 874.

[14] *Id. quoting Texaco, Inc., v. Pennzoil Company*, 784 F2d 1133, 1154 (2d Cir. 1986).

[15] They do not aver under penalty of perjury.

[16] Declaration of Michael Smith ¶¶ 2–3, docket no. 494-1, filed January 17, 2017.

[17] Declaration of Jeffrey Williams ¶ 2, docket no. 494-2, filed January 17, 2017.

[18] Declaration of Kristi Carrell ¶ 2, docket no. 494-3, filed January 17, 2017.

before pretrial motions are decided it can raise the funds necessary to secure a bond or pay the current judgment."[19]

There are currently two pending post-trial motions[20] and the promise of a third.[21] Each motion has the potential of affecting the amount owed by each defendant. Assuming the veracity of defendants' statements, a stay is warranted.

The Supreme Court gives little discretion for requiring some security.[22] Therefore, defendants must post bond in the full judgment amount. Michael Smith and Kristi Carrell may file a motion, adequately supported by evidence, to post bond in an amount which their current financial status will allow. Their current statements that they cannot post bond in the full amount is insufficient to determine how much they can post. Before responding to such a motion, First American shall be allowed Rule 69 discovery.

Defendants are also enjoined from transferring, conveying, encumbering, pledging or in any other manner—other than is reasonably necessary for purposes of providing for their cost of living and maintaining business—dissipate any asset or assets or any other things or right of any value whatsoever.

## ORDER

IT IS HEREBY ORDERED that the Motion for Stay of Execution of Judgment Pending Consideration of Post-Trial Motion[23] is GRANTED IN PART and DENIED IN PART. The

---

[19] Declaration of Douglas C. Smith, docket no. 494-4, filed January 17, 2017.

[20] Motion for Attorney Fees and Memorandum in Support, docket no. 492, filed January 17, 2017; Plaintiff's Motion for Award of Attorneys' Fees, Costs and Expenses, docket no. 493, filed January 17, 2017.

[21] Motion at 1.

[22] "The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor." *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996).

[23] Docket no. 494, filed January 17, 2017.

judgment will be stayed when appropriate bonds are filed, until the resolution of the current

pending motions[24] and the forthcoming Rule 59 Motion. At present, defendants must post bond

in the full judgment amount with costs and interest to receive the benefit of the stay. Michael

Smith and Kristi Carrell may file a motion, adequately supported by evidence, to reduce bond to

an amount which their current financial status will allow.

      IT IS FURTHER ORDERED that defendants must not transfer, convey, encumber,

pledge or in any other manner—other than is reasonably necessary for purposes of providing for

their living and maintaining business—dissipate any asset or assets or any other things or right of

any value whatsoever.

      Signed January 23, 2017.

BY THE COURT

District Judge David Nuffer

---

[24] Motion for Attorney Fees and Memorandum in Support, docket no. 492, filed January 17, 2017; Plaintiff's Motion for Award of Attorneys' Fees, Costs and Expenses, docket no. 493, filed January 17, 2017.